**In re HUFF.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V94–53839.

Decided May 30, 1996.

*Keith R. McMurdy,* for the applicant.

*Betty D. Montgomery,* Attorney General, for the state.

RUSSELL LEACH, Judge.

This matter came on to be considered upon applicant Gregory G. Beck, Sr.'s appeal from the August 18, 1995 order issued by the panel of commissioners. The panel's determination affirmed the decision of the single commissioner, which denied the applicant's claim for an award of reparations.

On August 18, 1995, the three-commissioner panel granted the Attorney General's August 8, 1995 motion to dismiss the applicant's objection and notice of appeal. On August 22, 1995, applicant filed a notice of appeal from the decision of a panel of commissioners, alleging that he was not granted sufficient time to respond to the Attorney General's motion to dismiss. Applicant was served with a copy of the Attorney General's motion to dismiss on August 14, 1995. The three-commissioner panel granted the Attorney General's motion on August 18, 1995. Applicant prepared and filed a brief in opposition to the Attorney General's motion to dismiss on August 22, 1995.

Applicant relies on L.C.C.R. 4(C), which provides that a party opposing a motion in the Ohio Court of Claims shall serve and file a statement or brief in opposition to a motion within fourteen days after being served with the movant's motion. Under this rule, applicant contends that he was not granted ·sufficient time to respond to the Attorney General's motion and, in fact, filed his brief in opposition to the Attorney General's motion to dismiss within the fourteen-day period. As such, applicant alleges that the panel erred by failing to permit the applicant to respond to the Attorney General's motion to dismiss.

Applicant's point is well taken. Although the Victims of Crime Compensation Program is not bound by the local Rules of the Court of Claims or the Rules of Civil Procedure, the rules are used as a point of reference in determining reasonableness; therefore, the court finds that ·the three-commissioner panel acted unreasonably when it granted the Attorney General's "motion to dismiss the applicant's objection and notice of appeal" only four days after it was served on the applicant and before receiving a response from the applicant within a reasonable time.

The standard for reviewing claims appealed to the court is established by R.C. 2743.61, which provides:

"If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision of the

commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

Based on the evidence and R.C. 2743.61, it is the court's opinion that the decision of the panel of commissioners was unreasonable. Therefore, this court reverses the decision of the three-commissioner panel and remands this matter to be set for hearing before the three-commissioner panel.

Upon review of the evidence, the court finds that the order of the panel of commissioners must be reversed, and the applicant's appeal must be granted.

IT IS HEREBY ORDERED THAT:

1.  The order of August 18, 1995 is REVERSED and VACATED;

2.  This claim is remanded to the three-commissioner panel to be set for hearing;

3.  Costs assumed by the reparations fund.

*Judgment accordingly.*

RUSSELL LEACH, J., of the Franklin County Municipal Court, sitting by assignment.